```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

 GREGORY SCLAFANI,
                                                    MEMORANDUM AND ORDER
                            Plaintiff,              20-cv-0463(EK)(VMS)

        -against-

 Acting Director of the Bureau of Prisons
 THOMAS R. KANE; Metropolitan Detention
 Center Warden HERMAN QUAY III; and MDC
 Unit Manager SPIVEY,

                            Defendants.

----------------------------------------x
```

ERIC KOMITEE, United States District Judge:

On January 17, 2020, Gregory Sclafani ("Plaintiff") filed this *pro se* action alleging civil rights violations arising against the Metropolitan Detention Center ("MDC") and the Bureau of Prisons ("BOP") pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) ("*Bivens*").  See ECF No. 1.  By Memorandum and Order dated January 31, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismissed the complaint against MDC and BOP, and granted Plaintiff leave to file an amended complaint.  See ECF No. 4.

On May 6, 2020, Plaintiff filed an amended complaint against BOP Acting Director Thomas R. Kane, MDC Warden Herman

1

Quay III, and MDC Unit Manager Spivey alleging that they violated his right to due process under the Fifth Amendment pursuant to *Bivens*.  *See* Amended Complaint, ECF No. 8 ("Compl.") at 1-2.  Plaintiff seeks unspecified compensatory and punitive damages, injunctive relief and a declaratory judgment.  *Id.* at 8.  For the reasons set forth below, the Court dismisses the action.

I.

Plaintiff pled guilty to a federal crime and was sentenced to 30 months' imprisonment to be served at MDC.  *See* Compl. ¶ 9; *see also United States v. Sclafani*, 14-CR-639 (DRH).  Plaintiff alleges that he was scheduled to be released on January 17, 2017.  *See* Compl. ¶ 11.  On or about October 19, 2016, Plaintiff applied for "pre-release" to home confinement pursuant to the Second Chance Act, 18 U.S.C. § 3624.  *Id.* at ¶¶ 23-24.  Plaintiff alleges that although he met the eligibility criteria for pre-release, *id.* at ¶¶ 31, defendant Unit Manager Spivey informed him on November 7, 2016 that insufficient time remained on his sentence to process the necessary paperwork, and denied his application on that ground.  *Id.* at ¶¶ 28-29.  Plaintiff appealed Spivey's decision to the Warden, *id.* at ¶¶ 34-35, and on December 20, 2016, defendant Warden Quay denied his appeal, again citing insufficient time to

2

complete his paperwork. *Id.* at ¶ 38. On January 17, 2017, Plaintiff was released from MDC as originally scheduled, after completing his term of imprisonment. *Id.* at ¶ 45.

Plaintiff alleges that Defendants violated his "liberty right to pre-release transfer to home confinement under the Second Chance Act" without due process of law. *Id.* at ¶ 44. Plaintiff further alleges that, as a result, he sustained "mental anguish, anxiety and psychological suffering." *Id.* at ¶ 47.

**II.**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must assume all allegations in the complaint to be true; this tenet, however, is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S.

5, 9 (1980) (citation and internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### III.

A claim under *Bivens* allows a plaintiff to sue a federal official or employee in his individual capacity for an alleged constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [42 U.S.C. § 1983].") (citation omitted). To state a claim under *Bivens*, a plaintiff must allege facts to show that: (1) he was deprived of a constitutional right (2) by a person acting under color of federal law. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). The Supreme Court has allowed a *Bivens* claim to proceed against federal actors in only three contexts: (1) unreasonable search and seizure in violation

of the Fourth Amendment, *Bivens*, 403 U.S. at 388; (2) employment discrimination in violation of the due process clause of the Fifth Amendment,[1] *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of an inmate in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980).

In *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017), the Supreme Court held that expanding the *Bivens* remedy is now "disfavored" and observed that it has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Id.* at 1857 (internal quotation marks omitted). *See also Ojo v. United States*, 364 F. Supp. 3d 163, 170 (E.D.N.Y. 2019) (an asserted *Bivens* remedy arises in a "new" context when it is "distinct from the three Supreme Court cases in which *Bivens* remedies have been implied") (quoting *Ziglar*, 137 S.Ct. at 1859-60); *Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 57 (E.D.N.Y. 2017), *aff'd,* 755 F. App'x 67 (2d Cir. 2018) ("[T]he *only* recognized implied rights of action [are] the narrow situations presented in *Bivens*, *Davis*, and *Carlson*, and lower courts must scrutinize attempts to expand the *Bivens* remedy, even where courts had

---

[1] In this case, a former administrative assistant to a Congressman sued for gender-based discrimination, alleging that she was fired because she was a woman. She was not covered by the Civil Rights Act of 1964, 86 Stat. 111, 42 U.S.C. § 2000e-16, because she was a federal employee who was not in the competitive service, so the Court implied a *Bivens* remedy that allowed her to bring suit under the due process clause of the Fifth Amendment. *See Davis*, 442 U.S. at 247.

5

assumed the availability of such a remedy.") (emphasis in original); *Huckaby v. Bradley*, No. 116-CV-4327, 2018 WL 2002790, at *4 (D.N.J. Apr. 30, 2018) (declining to imply a *Bivens* remedy to a due process claim where "there is no employment relationship, nor any kind of claim for discrimination; the fact that this suit is also brought under the Fifth Amendment Due Process Clause does not bring it within the confines of *Davis*").

Where a plaintiff's claims appear to arise in a new context, courts analyze whether it is appropriate to extend the *Bivens* remedy based on the test set forth in *Ziglar*. See *Ziglar*, 137 S.Ct. at 1859-60. However, without addressing whether this Court should extend *Bivens* to apply to this case, the Court concludes that Plaintiff fails to state a due process claim under the Fifth Amendment. *See Hernandez v. Mesa*, 137 S.Ct. 2003, 2006 (2017) (the Supreme Court has endorsed "disposing of a *Bivens* claim by resolving the constitutional question, while assuming the existence of a *Bivens* remedy").[2]

---

[2] Although the Supreme Court has recognized that *Bivens* may apply to a Fifth Amendment claim, *see Davis*, 442 U.S. at 243-44 (allowing *Bivens* action to proceed against Congressman for violation of an employee's Fifth Amendment due process rights in a gender-based employment discrimination complaint), it has rejected a *Bivens* action under the Fifth Amendment's Due Process Clause in other contexts, such as wrongful denial of Social Security disability benefits, *see Schweiker v. Chilicky*, 487 U.S. 412, 420 (1988), and invasion of property rights under the Fifth Amendment, *Wilkie v. Robbins*, 551 U.S. 537, 541 (2007). *See also Ojo*, 364 F.Supp.3d at 170 (declining to apply *Bivens* to plaintiff's Fifth Amendment equal protection claim alleging that BOP's dental care policy discriminated against pretrial detainees); *Gonzalez v. Hasty*, 269 F.Supp.3d 45, 59 (E.D.N.Y. 2017) (declining to apply *Bivens* to

The Due Process Clause of the Fifth Amendment provides that "[n]o person ... shall be deprived of life, liberty, or property without due process of law. . . ." It is well settled, however, that the Due Process Clause does not afford sentenced defendants a right to any particular type of custody (such as home confinement). *See Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976) (Constitution confers no right upon an inmate to any particular custody or BOP security classification); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (prisoner does not have a constitutional right to be conditionally released prior to the expiration of a valid sentence).

Instead, the Bureau of Prisons has sole discretion to assign prisoners to particular facilities or programs. *See* 18 U.S.C. § 3621; *see also Levine v. Apker,* 455 F.3d 71, 83 (2d Cir. 2006); *Pasonick v. Strada*, No. 12-CV-6204, 2013 WL 431332, at *3 (E.D.N.Y. Feb. 4, 2013). Although Congress enacted the Second Chance Act to improve prisoner reentry into society and reduce recidivism, *see* Pub. L. No. 110-199, 1222 Stat. 657 (2008) (codified as amended at 18 U.S.C. §§ 3621, 3624), the Act did not alter the BOP's discretion and did not give prisoners an

---

plaintiff's Fifth Amendment claim alleging failure of prison employees to conduct meaningful reviews of a plaintiff's solitary confinement placement).

enforceable liberty interest to pre-release home confinement. *See, e.g.*, *Johansson v. Strada*, No. 12-CV-5296, 2012 WL 6093534, at *4 (E.D.N.Y. Dec. 7, 2012); *Owusu-Sakyi v. Terrell*, No. 10-CV-507, 2010 WL 3154833, at *2 (E.D.N.Y. Aug. 9, 2010); *Bennett v. Terrell,* No. 10-CV-1029, 2010 WL 1170134, at *1 (E.D.N.Y. Mar. 24, 2010); *Pierre v. Zickefoose*, No. 3:09-CV-109, 2010 WL 625419, at *1 (D.Conn. Feb. 16, 2010);  *Fournier v. Zickefoose*, 620 F. Supp.2d 313, 318 (D. Conn. 2009).

Here, Plaintiff does not allege that he was held beyond the expiration of his sentence; rather, he alleges that Defendants failed to process his request for pre-release to home confinement pursuant to the Second Chance Act because there was insufficient time remaining in his sentence after he became eligible.  We assume *arguendo* that Plaintiff can assert a *Bivens* claim in this context based on an alleged due process violation.  We also assume (as we must at this stage) the truth of Plaintiff's contention that he was in fact eligible for a pre-release transfer under the Second Chance Act.  Compl. ¶¶ 18, 24, 31.  Nevertheless the Court is obligated to dismiss Plaintiff's due process claim because the scope of due process claims under *Bivens* is limited, and federal law does not recognize a protected liberty interest in pre-release home confinement under to the Second Chance Act.

8

**IV.**

Accordingly, the Court dismisses Plaintiff's action for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  The Clerk of Court is directed to enter judgment and close this action.

SO ORDERED.

                                         /s/ Eric Komitee_____
                                         ERIC KOMITEE
                                         United States District Judge

Dated: Brooklyn, New York
       August 12, 2020